# Arons & Arons, LLC
## Attorneys at Law

Scott Arons
sa@aronslaw.net

Jeffrey Steven Arons *
ja@aronslaw.net
* NJ & NY Bars

973-762-0795
973-762-0279

76 South Orange Avenue
Suite 100,
South Orange, NJ 07079

March 30, 2022

*Via ECF to*:
Hon. Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

The deadline for Plaintiff to seek default judgment or otherwise risk dismissal pursuant to Federal Rule of Civil Procedure 41(b) in my March 29, 2022 order, (Doc. 16), is adjourned sine die. 4/4/2022

SO ORDERED:

[signature]
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re:  *Bruce E. Katz M.D. P.C. v. Curis Pharmacy LLC – Case No. 1:22-cv-00644-VSB*

Dear Judge Broderick:

I am counsel for Plaintiff and the alleged Class in the above-referenced case. I write to address the Court's Orders of March 14, 2022 and March 29, 2022 requiring Plaintiff to file an Order to Show Cause against the defaulting Defendant in this case. (Dkts. 14 and 16.)

As Plaintiff explained in its March 21, 2022 Motion for Class Certification and for Leave to Conduct Discovery Prior to Entry of Final Judgment (Dkt. 15), Plaintiff respectfully requests that the Court withdraw its Orders regarding default judgment until after class certification is granted and a period of discovery is permitted so that Plaintiff can identify Class members. Once those two steps are accomplished, Plaintiff will be in a position to follow the Court's procedures for default judgment.

This is because of the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor. *See, e.g.*, *James v. Glob. Tel*Link Corp.*, No. 13-4989, 2018 WL 3736478 (D.N.J. Aug. 6, 2018); *Gessele v. Jack in the Box, Inc.*, No. C10–0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted). Thus, were plaintiff to proceed with seeking default judgment at this stage, it would be prohibited from subsequently seeking class certification. Such a process would prejudice plaintiff and absent class members and allow Defendant to escape class-wide liability simply be ignoring a class action complaint.

      Plaintiff respectfully refers the Court to the orders issued in *Jackson v. PayCron, Inc.*, which Plaintiff attached as Exhibit A to its Motion for Class Certification (Dkt. 15.) In *Jackson*, the Court granted Plaintiff's motion and afforded the Plaintiff 90 days to conduct discovery sufficient to identify members of the Class for purposes of Class notice, and to determine class-wide damages prior to the entry of final judgment.

      Respectfully submitted,

By: */s/ Jeffrey S. Arons*

Jeffrey S. Arons
ja@aronslaw.net
Arons & Arons, LLC
76 South Orange Ave., Suite 100
South Orange, New Jersey 07079
Tel: (973) 762-0795