UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                     :

BRUCE E. KATZ d/b/a JUVA SKIN AND    :
LASER CENTER, individually and on behalf  :
of all others similarly situated,           :
                                     :              22-CV-644 (VSB)
                        Plaintiff,   :
                                     :           **OPINION & ORDER**
       - against -            :
                                     :
                                     :
CURIS PHARMACY, LLC,         :
                                     :
                      Defendant.   :
                                     :
-----------------------------------------------------------X

Appearances:

Jeffrey Steven Arons
Arons & Arons, LLC
South Orange, NJ
*Counsel for Plaintiff*

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff Bruce E. Katz, M.D., P.C.'s ("Plaintiff") motion to certify the class identified in Plaintiff's complaint and for leave to conduct discovery to identify class members and determine damages prior to the entry of final judgment. Plaintiff's motion for limited discovery is GRANTED. Plaintiff's motion for class certification is DENIED without prejudice to renew.

## I.     **Factual Background**

Plaintiff challenges Defendant Curis Pharmacy, LLC's ("Defendant") alleged widespread violations of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA"), and specifically Defendant's

unsolicited facsimile ("fax") advertisements.  (Compl. ¶¶ 5–6)[1]  Plaintiff seeks, on behalf of

itself and the putative class, injunctive relief enjoining Defendant from sending unsolicited

advertisements in violation of the JFPA, an award of statutory damages in the minimum amount

of $500 for each violation, and treble damages.  (*Id*. ¶ 11.)

Plaintiff is a professional corporation incorporated and existing under the laws of New

York with its principal place of business in Manhattan.  (*Id*. ¶ 1.)  Defendant is a limited liability

company headquartered in Florida.  (*Id*. ¶ 2.)  On June 29, 2020, Plaintiff received at least one

fax from Defendant advertising its products and services.  (*Id*. ¶¶ 12–13.)  Plaintiff never

consented to receive faxes from Defendant.  (*Id*. ¶ 17.)  Plaintiff never had any prior relationship

with Defendant.  (*Id*.)  Defendant allegedly faxed the same unsolicited advertisements to more

than 40 other recipients without first receiving the recipients' express permission or invitation.

(*Id*. ¶ 18.)

## II.    Procedural History

Plaintiff filed the complaint on January 25, 2022.  (Compl.)  On February 16, 2022,

Plaintiff filed an affidavit of service.  (Doc. 5.)  Defendant's answer was due on February 22,

2022, (*id*.), but Defendant has never appeared.  On February 23, 2022, I ordered Plaintiff to seek

default judgment against Defendant or otherwise risk dismissal of the action for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. 6.)  Plaintiff obtained a

Clerk's Certificate of Default on March 10, 2022.  (Doc. 13.)  On March 14, 2022, pursuant to

my Individual Rules and Practices in Civil Cases, I ordered Plaintiff to file for an order to show

cause.  (Doc. 14.)  Plaintiff instead moved for class certification and leave to conduct discovery

to identify class members and determine damages.  (Doc. 15 ("Mot.").)  Plaintiff requested that I

---

[1] "Compl." refers to the complaint filed by Plaintiff on January 25, 2022.  (Doc. 1.)

vacate the order that Plaintiff file an order to show cause and resolve the class certification

motion prior to entry of final judgment.  (Doc. 17.)  On April 4, 2022, I adjourned Plaintiff's

deadline to comply with my previous order directing the filing of an order to show cause *sine*

*die*, (Doc. 14), until I resolve Plaintiff's motion for class certification, (Doc. 18).

### III.    Legal Standard[2]

"Generally, upon entry of a default, the factual allegations in the complaint, except as to

damages, must be taken as true." *Melgadejo v. S & D Fruits & Vegetables Inc*., No. 12 CIV.

6852 RA HBP, 2013 WL 6334581, at *2 (S.D.N.Y. Dec. 5, 2013) (citing *Vt. Teddy Bear Co. v.*

*1–800 Beargram Co*., 373 F.3d 241, 246 (2d Cir. 2004); *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992)).  "However, numerous circuit and

district courts have held, that, notwithstanding this general rule, when class certification is

sought, a court must still independently determine that Rule 23's requirements are met before a

putative class can be certified." *Id*. (collecting cases).  The reasoning is that "fundamental

fairness requires that a defendant named in a suit be told promptly the number of parties to

whom it may ultimately be liable for money damages." *Siskind v. Sperry Ret. Program, Unisys*,

47 F.3d 498, 503 (2d Cir. 1995).  This analysis does not change if the defendant defaults.  *See*

*Acticon AG v. China N. E. Petroleum Holdings Ltd*., 687 F. App'x 10, 12 (2d Cir. 2017).  "The

Court has an independent duty to determine whether the requirements of Rule 23 are met

regardless of Defendant's admissions." *Bruce E. Katz, M.D., P.C. v. Pro. Billing Collections,*

---

[2] Plaintiff relies mostly on Tenth Circuit and Colorado law in his motion for class certification.  (*See generally* Mot.)
The rationale for this is unclear.  Class certification motions must satisfy to requirements of federal law, specifically
Rule 23, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), and "federal courts in . . . [the Second] Circuit,
including the Court of Appeals, are bound by [the Second Circuit's] interpretations of federal law, even when a case
is transferred from a district court in another circuit." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 154
(2d Cir. 2013).  Accordingly, I apply the law as set out by the Second Circuit, and reference other authority only
where it is persuasive and not contravened by the Second Circuit's precedents.

*LLC*, No. 20 CIV. 3043 (AT), 2021 WL 2418387, at *2 (S.D.N.Y. June 14, 2021) ("*Pro. Billing Collections*"); *see also Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021) (finding that courts must conduct an independent evaluation of class certification claims).

A "class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 348 (internal quotation marks omitted). For the exception to apply to any given case, the plaintiffs must "affirmatively demonstrate" compliance with Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 350. Plaintiffs "bear[] the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 202 (2d Cir. 2008); *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 323 (S.D.N.Y. 2012) (party seeking certification must show by a preponderance that proposed class or subclass meets each requirement under Rule 23). These requirements "effectively limit . . . class claims to those fairly encompassed by the named plaintiff[s'] claims." *Wal-Mart*, 564 U.S. 349 (cleaned up).

Plaintiffs must therefore demonstrate compliance with each of the Rule 23(a) requirements and at least one subsection of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). In evaluating motions for class certification courts first examine the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the failure to meet any one of these requirements means that the class may not be certified. *See id.* at 613–14. If the requirements of Rule 23(a) are met, courts next determine whether the proposed class fits into one of the categories of class actions described in Rule 23(b). In addition, as part of this process a court also may certify a subclass, or subclasses, if the subclass

4

meets the requirements of Rule 23(a) and 23(b).  *See* Fed. R. Civ. P. 23(c)(5) ("When

appropriate, a class may be divided into subclasses that are treated as a class under this rule.").

"Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a

standard of flexibility" under the Rule, *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997);

however, a court's evaluation of the Rule 23 prerequisites is "rigorous" and frequently may

"overlap with the merits of the plaintiff's underlying claim," *Wal-Mart*, 564 U.S. at 351.  This is

because a "class determination generally involves considerations that are enmeshed in the factual

and legal issues comprising the plaintiff[s'] cause of action."  *Id.* (internal quotation marks

omitted); *see also Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (class inquiry

frequently and appropriately involves consideration of the merits).  Plaintiffs must provide

"enough evidence, by affidavits, documents or testimony" to satisfy the court that each Rule 23

requirement has been met.  *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)

("*In re IPO*").  Although plaintiffs have the burden of demonstrating compliance with Rule 23,

doubts concerning the propriety of class certification should be resolved in favor of class

certification.  *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 275 (S.D.N.Y. 2008) ("'If there is to

be an error made, let it be in favor and not against the maintenance of the class action, for it is

always subject to modification should later developments during the course of the trial so

require.'" (quoting *Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir. 1968)); *see also Levitt v. J.P.

Morgan Secs., Inc.*, 710 F.3d 454, 464 (2d Cir. 2013) (noting that, on appellate review, less

deference is afforded a decision denying class certification than to a decision granting

certification).

## IV.    Discussion

I note at the outset that Plaintiff filed a motion for class certification in a case before

Judge Analisa Torres also involving JFPA claims for unsolicited fax advertisements.  *Pro.*

*Billing Collections*, 2021 WL 2418387.  The defendant in that case also defaulted and Plaintiff

moved for certification prior to entry of judgment.  *Id*. at *1.  Judge Torres denied Plaintiff's

motion for class certification without prejudice to renewal and granted his motion for limited

discovery.  *Id*. at *6.  Because the claims and procedural posture in this case are nearly identical

to the case before Judge Torres, I employ a similar analysis and reach the same conclusion.

### A.  *Rule 23(a) Class Certification*

#### 1.  **Ascertainability**

Although not specifically enumerated in Rule 23(a), courts imply a requirement of

"ascertainability," *In re IPO.*, 471 F.3d at 30, which requires that the class be definite enough for

a court to determine whether a particular individual is a member.  *See Bd. of Trs. the AFTRA Ret.*

*Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 345–46 (S.D.N.Y. 2010) ("*AFTRA*").

The implicit requirement that a class or subclass be ascertainable requires that the class

description must be sufficiently definite such that it is administratively feasible for a court to

determine, by reference to objective criteria, whether a particular individual is a member of the

class.  *See id.* (quoting *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 395 (S.D.N.Y. 2008)).

Plaintiff does not directly address the issue of ascertainability in either his complaint or

his motion for class certification.  Plaintiff states in his complaint that "it is believed that the

Defendant's computer and business records will enable the Plaintiff to readily identify class

members and establish liability and damages[.]"  (Compl. ¶ 29.)  In his motion, Plaintiff simply

"requests leave to conduct discovery to identify members of the Class and to determine the

proper amount of statutory damages."  (Mot. 11.)  As in *Pro. Billing Collections*, these

allegations fail to establish a "sufficiently definite" class, *AFTRA*, 269 F.R.D. at 345–46, because

6

they "preclude[] prospective class members from self-identifying," *Pro. Billing Collections*, 2021 WL 2418387, at \*3.  In *Pro. Billing Collections*, Judge Torres held that, to be a member of a class asserting a JFPA claim, a defendant must "claim[] it obtained prior express permission or invitation to send faxes [to the recipient] in the same manner as Defendant claims it obtained prior express permission or invitation to send a fax to the Plaintiff."  *Id.* (internal quotation marks omitted).  Judge Torres concluded that "[a]n individual recipient, receiving notice of the class through a fax, could not determine how *Defendant* claimed they had consented to the fax."  *Id.* (emphasis in original).  Judge Torres relied on other courts' decisions in TCPA certification cases where the court only certified the class because the "[p]rospective plaintiffs [could] readily identify themselves as class members based on receipt of the . . . message."  *Id.* (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014) (collecting cases)).  The same is true here.  There is no way that putative class members could confirm their membership in the class and Plaintiff therefore does not meet the ascertainability prong.[3]

## 2.  Numerosity

Numerosity requires that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  As a general rule, courts find that the numerosity requirement is satisfied if a proposed class comprises 40 or more members.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Ansari v. N.Y. Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

Here, Plaintiff alleges that Defendant faxed the same unsolicited advertisements Plaintiff received to more than 40 other recipients, potentially even thousands.  (Compl. ¶¶ 18, 23.)

---

[3] Since I deny Plaintiff's motion for class certification without prejudice but permit discovery, I will consider the other factors as well.  *See Pro. Billing Collections*, 2021 WL 2418387, at \*3 (employing the same analysis).

However, Plaintiff does not explain the basis for this allegation beyond stating that it is "on

information and belief," (*id.* ¶ 18), or that "Plaintiff is informed and believes . . . that the number

of class members is in the thousands," (*id.* ¶ 23).  Courts presented with class certification

motions based on unsolicited communications have frequently found the numerosity requirement

is not met where it is based on such vague and unsubstantiated assertions.  *See, e.g.*, *Williams v.*

*Goldman & Steinberg, Inc.*, No. CIV.A.CV-03-2132DGT, 2006 WL 2053715, at *9 (E.D.N.Y.

July 21, 2006) ("For example, with respect to the numerosity requirement, the complaint states:

'Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed

form letters, the class is so numerous that joinder of all members is impracticable.' . . . Absent

any further information, plaintiff has failed to provide a basis to find numerosity."); *Oladapo v.*

*Smart One Energy, LLC*, No. 14CV7117LTSBCM, 2017 WL 5956907, at *8 (S.D.N.Y. Nov. 9,

2017), *report and recommendation adopted*, No. 14 CV 7117-LTS-BCM, 2017 WL 5956770

(S.D.N.Y. Nov. 30, 2017) ("Where the plaintiff's assertion of numerosity is pure speculation or

bare allegations, the motion for class certification fails" (internal quotation marks omitted));

*Yarger v. Fresh Farms, LLC*, No. 2:19-CV-2767-JAR-JPO, 2020 WL 4673229, at *8 (D. Kan.

Aug. 12, 2020) (declining to find numerosity based on assertions that communications "were

likely sent as part of a broad advertising campaign using an automatic telephone dialing

system"); *Floyd v. Saratoga Diagnostics, Inc.*, No. 20-CV-01520-LHK, 2021 WL 2139343, at

*4 (N.D. Cal. May 26, 2021) (numerosity requirement was not met where "Plaintiff has provided

no evidence that a single other individual received the same unsolicited fax that Plaintiff received

from Defendants."); *see also Joseph v. Am. Modification Agency, Inc.*, No. 08 CIV. 11186

(SCR), 2010 WL 11594992, at *3 (S.D.N.Y. May 10, 2010) ("Plaintiffs do not need to allege a

precise number as long as they provide some evidentiary basis for their reasonable estimate of

the class size.")  Plaintiff thus fails to establish numerosity, which may be properly explored

through discovery.

### 3.  Commonality

Commonality means that "there are questions of law or fact common to the class."  Fed.

R. Civ. P. 23(a)(2).  Although it is true that a single common question satisfies Rule 23(a)(2), the

commonality requirement is not satisfied by the mere existence of *any* single common issue;

rather, a common issue of law or fact that is sufficient to satisfy Rule 23(a)(2) is one that is

"capable of classwide resolution . . . mean[ing] that determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart*,

564 U.S. 350.  "In other words, the relevant inquiry is whether a classwide proceeding is capable

of 'generat[ing] common *answers* apt to drive the resolution of the litigation.'"  *Jacob v. Duane*

*Reade, Inc.*, 602 F. App'x 3, 6 (2d Cir. 2015) (summary order) (quoting *Wal-Mart*, 564 U.S. at

350 (emphasis in original)).

Here, Plaintiff's allegations involve "an alleged common course of telemarketing that

resulted in the same injury to Plaintiff" and putative class members.  *Jackson v. Paycron Inc.*,

No. 819CV00609WFJAAS, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (certifying a

class in connection with the plaintiff's TCPA claims against defaulting defendant regarding

unsolicited telemarking calls).  Common questions include whether putative class members ever

agreed to receive Defendant's fax advertisements, whether class members had any previous

dealings with or relations to Defendants, whether the advertisements constituted a violation of

the JFPA, whether the faxes contained a proper opt-out notice, and whether class members are

entitled to statutory and treble damages.  (Compl. ¶¶ 11–13, 17–18); *see also Jackson*, 2019 WL

2085430, at *3 (finding commonality existed based on similar considerations); *Pro. Billing*

*Collections*, 2021 WL 2418387, at \*4 ("Like other proposed class members, Plaintiff received unsolicited faxes from Defendant that were substantially similar to those received by others in the class, for which Defendant claims to have obtained consent in the same way."). Commonality is thus adequately alleged.

### 4.  Typicality

Typicality ensures that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3).  In some cases, such as this one, the "commonality and typicality requirements of Rule 23(a) tend to merge.  Both serve as guideposts for determining . . . whether the named plaintiff[s'] claim[s] and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. at 349 n.5 (internal quotation marks omitted); *accord Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015).  "Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 245 (2d Cir. 2007) (internal quotation marks omitted).

In this case, Plaintiff's allegation that Defendant committed JFPA violations *en masse* through the unsolicited sending of fax advertisements inherently satisfies the typicality requirement.  (*See* Compl. ¶¶12–20.)  An allegation of this nature stems from the same course of events, *i.e.* the receipt of unsolicited fax advertisements, and to succeed, "each class member [must make] similar legal arguments." *Merck-Medco Managed Care, LLC*, 504 F.3d at 245. Since there is a solid nexus between Plaintiff's and the putative class member's claims,

certification would ensure that "the interests of the class members will be fairly and adequately protected." *Wal-Mart*, 564 U.S. at 349 n.5.

### 5. Adequacy

Adequacy means that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The focus of the adequacy inquiry is on determining whether there are "conflicts of interest between named parties and the class they seek to represent." *Amchem Prods.*, 521 U.S. at 625. In general, class representatives must not have interests that conflict with the interests of other class members, and class representatives and their attorneys must be sufficiently interested in prosecuting—and able to prosecute—the litigation. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). To preclude certification under Rule 23(a)(4), a conflict must be "fundamental." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). When a conflict exists, courts may divide a class into separate subclasses. *See Mazzei v. Money Store*, 288 F.R.D. 45, 56 (S.D.N.Y. 2012).

According to Plaintiff's complaint, no conflicts exist between Plaintiff, its counsel, and the putative class members. (Compl. ¶ 26; Mot. 7–8.) Plaintiff and its counsel have "spent significant time and resources in the investigation and prosecution of this action" and will "fairly and adequately represent and protect the interests of the Class." (Mot. 7–8.) Plaintiff received an unsolicited fax advertisement from Defendant allegedly without prior consent, purportedly just like all other putative class members, sufficiently indicating his adequacy to represent the class. *See Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014) (finding adequacy for a putative class action under the TCPA because "[l]ike the rest of the class, [the plaintiff] was called by [Defendant], allegedly without prior express consent, using an automatic telephone

dialing system.").  Plaintiff's well-pled allegations are sufficient to demonstrate adequacy.  *See S & D Fruits & Vegetables Inc.*, 2013 WL 6334581, at *2.

### B.  *Rule 23(b) Class Certification*

Certification pursuant to Rule 23(b)(3) requires "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  I analyze each element in turn.

### 1.  Predominance

The Rule 23(b)(3) predominance requirement is more demanding than the commonality requirement under Rule 23(a).  *See Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002).  "The predominance requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'"  *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013) (quoting *IUFCW Local 1776 v. Eli Lily & Co.*, 620 F.3d 121, 131 (2d Cir. 2010)).

To determine whether Plaintiff has met this burden, I turn to the elements of Plaintiff's claims.  *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809–10 (2011) ("Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action.").  To state a claim under the JFPA, a plaintiff must show the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. 227(c).  A plaintiff must also show that the defendant does not have an "established business

12

relationship with the recipient," and that the defendant "did not obtain[] the number of the

telephone facsimile machine through" either "voluntary communication" by an "established

business relationship" or "a directory, advertisement, or site on the Internet to which the recipient

voluntarily agreed to make available its facsimile number for public distribution." *Id.*  Finally, to

state a claim, a plaintiff must show that "the unsolicited advertisement [did not] contain[]" an

opt-out notice. *Id.*  Some, if not all, of these elements can be demonstrated through "generalized

proof" and are not subject to "individualized proof" by each class member. *In re U.S.*

*Foodservice Inc. Pricing Litig.*, 729 F.3d at 118.  For example, class members can establish that

the faxed advertisement did not contain an opt-out notice and that it was sent by facsimile

machine.  Class members can also collectively establish whether the advertisements were

solicited.  These issues go to the core of a JFPA claim, and, while some remaining elements,

such as whether the class members previously enjoyed a business relationship with a defendant,

likely require individualized proof, the substantial elements can be achieved by the class as a

whole. *See id*.  Plaintiff has thus satisfied the predominance requirement.

## 2.  Superiority

The superiority element of Rule 23(b)(3) requires a court to consider whether a class

action is superior to other methods of adjudication.  In analyzing that question, the court must

consider, among other things:  (1) "the interest of the members of the class in individually

controlling the prosecution or defense of separate actions;" (2) "the extent and nature of any

litigation concerning the controversy already commenced by or against members of the class;"

(3) "the desirability or undesirability of concentrating the litigation of the claims in the particular

forum;" and (4) "the difficulties likely to be encountered in the management of a class action."

Fed. R. Civ. P. 23(b)(3)(A)-(D).  The policy consideration behind Rule 23(b)(3) is "to overcome

the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prods.*, 521 U.S. at 617.

Courts have certified classes in JFPA cases, regularly citing the rationale that the statutory damages award in such cases are small and often not attractive enough to inspire individual suits. *See, e.g., Pro. Billing Collections*, 2021 WL 2418387, at *6 (finding that superiority prong is met where class members' claims would be too small to justify individual suits); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14 Civ. 2440, 2017 WL 3995619, at *9 (S.D.N.Y. Sept. 11, 2017) (same); *St. Louis Heart Center, Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013 WL 6498245, at *10–11 (E.D. Mo. Dec. 11, 2013) (certifying a JFPA class action because "the statutory damages available to each individual class member are small . . . [and] it is unlikely that the class members have interest in individually controlling the prosecution of separate actions."); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 191 (E.D. Pa. 2014) (same (citing *id*.).)  The same is true here, and I find that the superiority prong is met.

### C.  *Class Discovery*

Plaintiff seeks leave "to conduct discovery to identify members of the Class and to determine the proper amount of statutory damages." (Mot. 11.)  Discovery in such situations is proper. *See Pro. Billing Collections*, 2021 WL 2418387, at *6 (granting leave to conduct discovery in factually- and procedurally-similar action involving same Plaintiff); *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery . . . to determine whether the prerequisites of Rule 23 are satisfied." (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982).))  Indeed, district courts in numerous circuits have authorized discovery against a non-appearing defendant in

14

support of a class certification investigation.  *See, e.g.*, *Pro. Billing Collections*, 2021 WL

2418387, at *6; *Yarger*, 2020 WL 4673229, at *9 ("While Plaintiff's motion for class

certification is premature, Plaintiff's request for leave to conduct discovery prior to the entry of a

final default judgment is well-taken."); *Eder v. Aspen Home Improvements Inc.*, No. 8:20-CV-

1306-T-23JSS, 2020 WL 6870851, at *2 (M.D. Fla. Oct. 2, 2020) ("[A]lthough Defendant has

failed to appear in this action, class certification-related discovery is warranted in this matter.");

*Slaughter v. Jamestown Tn Med. Ctr., Inc.*, No. 2:19-CV-00048, 2020 WL 12918327, at *2

(M.D. Tenn. Sept. 17, 2020) ("[W]ithout discovery to obtain information relevant to the issues of

class certification and damages, [plaintiffs] would be unable to litigate their case to its

conclusion. Given the defendants' failure to appear in this action . . . [g]ood cause . . . exists to

allow early discovery in this case."); *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 522 (E.D.

Wis. 2007) ("Since [defendant] has not appeared in this action and is in default . . . this Court

finds that [plaintiff] has established 'good cause' to engage in limited discovery relevant to the

issues of class certification and damages."); *Floyd*, 2021 WL 2139343, at *5 (permitting class-

certification discovery where defendants failed to appear); *Cranor v. Skyline Metrics, LLC*, No.

4:18-CV-00621-DGK, 2018 WL 11437828, at *2 (W.D. Mo. Dec. 14, 2018) ("Pursuant to Rules

26(d) and 55(b), other district courts faced with the same set of circumstances have allowed a

plaintiff to take class discovery after an entry of default in order to seek class certification and

obtain a default judgment on behalf of the entire class.") (citing *Williams v. NRS Billing Servs.,

LLC*, No. 1:16-CV-00075-RJA, slip. op. at *1–2 (W.D.N.Y. July 27, 2016)); *see also Leo v.

Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) ("It would

be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a

class without the benefit of discovery, due to [defendant's] failure to participate in this case.").

Accordingly, Plaintiff's motion for limited discovery is granted.  Plaintiff has not specified a time for discovery in the moving papers so I will grant the 120-day period set out by Judge Torres in *Pro. Billing Collections*, 2021 WL 2418387, at *6.

## V.      Conclusion

For the foregoing reasons, Plaintiff's motion for class certification is DENIED without prejudice to renewal.  Plaintiff's motion for leave to conduct limited discovery is GRANTED.  If Plaintiff wishes to submit a renewed motion for class certification, he shall do so within 128 days of the entry of this Opinion & Order.

SO ORDERED.

Dated:  September 7, 2023
        New York, New York

Vernon S. Broderick
United States District Judge